**UNITED STATES of America,**
**Petitioner for Condemnation**

**v.**

**CERTAIN PARCELS OF LAND IN the CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA and Andrew A. Feeney, et al., Defendants.**

**Civ. A. No. 2939.**

United States District Court
E. D. Pennsylvania.

Dec. 27, 1962.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., for United States.

Alvin J. Bello, Philadelphia, Pa., for petitioner, Marshall Building and Contracting Corp.

FREEDMAN, District Judge.

This is a petition by a purchaser of real estate for reimbursement of Philadelphia City and School taxes which the Government admittedly owes. The question is whether the petitioner's claim is barred by the Anti-Assignment Act (31 U.S.C.A. § 203).

By agreement with the former owner the United States of America contracted to pay, during the term of its use or occupancy of the real estate involved, an amount equal to the City and School taxes on the property. The Government reserved the right to pay these amounts either to the registry of the court or to the taxing authorities upon presentation of the tax bills, or directly to the owner by way of reimbursement on presentation of receipted tax bills. For the period from 1943 through 1950 the Government paid taxes on these parcels directly to the City of Philadelphia. From 1951 to 1957 inclusive, the Government, although it continued its use and occupancy of the premises, made no payment to the City

of Philadelphia for the taxes and neither did the owner.

Early in 1960 petitioner acquired title to the premises from the former owner. The City and School real estate taxes for the period from 1951 to 1957 inclusive, amounting to $3,093.24, were liens on the premises. The petition alleges in paragraph 6 that "in order to acquire a clear title" to the premises the petitioner paid the tax arrearage. The petitioner also alleges in paragraph 9: "There had been no unjust enrichment received by the Petitioner as a result of the conveyance of said land by the former owners. On the contrary, the Petitioner paid a total of $8,555.00 for such parcels and assumed the responsibility of paying the delinquent taxes that existed on such land."

An answer to the petition has been filed which does not deny the allegation of paragraph 6, but states merely that the reason for the payment by petitioner "is a matter peculiarly within its knowledge". Paragraph 9 "is neither affirmed nor denied", but "Petitioner is put upon its proof to satisfy the Court."

In these circumstances we are unable to adjudicate the rights of the parties. We are not advised whether there was an agreement of sale pursuant to which petitioner acquired title to the real estate from the former owner. We have no knowledge whether the agreement of sale, if any existed, made any provision regarding taxes, or whether the purchase price otherwise payable was reduced by the amount of the liens for the real estate taxes.

In these circumstances we shall enter the following

### ORDER

AND NOW, December 27, 1962, the petition of Marshall Building and Contracting Corporation for reimbursement by the United States of America of the amount of real estate taxes paid by petitioner is ordered set down for hearing during the next non-jury trial period so that any issues of fact may be tried and determined and the law applied to the facts thus found.